**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 6:10-cr-00035** |
| **VERSUS** | **JUDGE HAIK** |
| **JAMES A. BARRAGAN** | **MAGISTRATE JUDGE HANNA** |

*FINDINGS AND RECOMMENDATION ON*
*MOTION TO SUPPRESS EVIDENCE*
(Rec. Doc. 30)

This matter is before the court on defendant James A. Barragan's motion to suppress. The motion is opposed.  For the reasons explained below, it is recommended the motion be denied and no evidentiary hearing be held.

*Factual Background*

In his motion, Barragan asks the court to suppress "all evidence seized as a result of the search of the residence located at 148 Emerite Drive, Lafayette, Louisiana, on or about June 3, 2009, to include any and all statements, written and/or oral, made after the arrest of the defendant."  (Rec. Doc. 30, p. 1).  Barragan claims that property was illegally seized without a warrant and/or without valid consent for the search, that the search was made without the issuance of a lawful search warrant and/or without valid consent, that the search of the premises was in an area not within Barragan's immediate control, that the search warrant was insufficient, that property seized in the execution of the warrant was not described in the warrant, that property seized was not in plain view of the officers executing the warrant, and that the officers executing the warrant failed to leave a receipt for the items seized.  (Rec. Doc. 30, ¶1 – 7).

Barragan's motion is nothing more than a sparse outline of conclusory allegations with no supporting facts.  The government's response to Barragan's motion details the events that led law enforcement agents to seek the search warrant for Barragan's residence and also details how the agents went about executing the warrant.  (Rec. Doc. 32)  The government also provided further factual support for these events in the exhibits attached to its response, including copies of the application for the warrant, the warrant itself and the affidavit presented to the state court commissioner when the warrant was requested. (Rec. Doc. 32-1)

According to the factual information supplied by the government, which is wholly undisputed, telephone conversations between Jonathan Old, an inmate in the Lafayette Parish Prison, and Alisha Fontenot were monitored by the prison officials.  Their conversations implicated someone named "Hush" in an impending drug transaction.  A Lafayette Metro Narcotics agent was familiar with a "Hush," who resided at 148 Emerite Drive in Lafayette. DEA agents went to that address and observed a vehicle parked there.  They learned that the vehicle was registered to Carl Fontenot and often driven by his daughter, Alisha Fontenot.  DEA agents knocked on the front door and spoke with Jane Barragan.  Mrs. Barragan told them that she owned the house, that she used the house for her sewing business, and that her son, James Barragan, lived there.  Mrs. Barragan told the agents that Alisha Fontenot's vehicle was parked outside and that Fontenot was a friend of her son.  Mrs. Barragan also told the agents that Barragan was the godfather of Fontenot and Old's baby.  She further told the agents that Barragan and Fontenot had gone to Baton Rouge with the baby for a doctor's appointment.

Mrs. Barragan telephoned her son, and Agent Kane Marceaux spoke with him, advising that he was suspected of being in possession of methamphetamine at his residence.  Agent

Marceaux asked Barragan for consent to search the premises.  Barragan told the agent that, when he returned to Lafayette, he would call the agents and permit them to search the residence.  Agent Marceaux informed Barragan that the agents were not going to leave the residence, and Barragan became angry.

Shortly after this conversation, a probation officer arrived at the residence.  He informed the agents that Barragan was on probation and was supervised by Probation Officer Adina Hunt.  Agent Marceaux called Officer Hunt and learned that Barragan had previously been convicted of a drug offense and had failed two screens for methamphetamine in the past six weeks.

Mrs. Barragan, still on the telephone with her son, refused to grant permission for a search of the residence.  While two DEA Task Force agents remained at the residence, Agent Marceaux and Agent Berard left to seek a search warrant.

Shortly thereafter, Dustin Warren arrived at the residence.  He said he was there to collect clothing he had left in the bedroom.  In Warren's cell phone were two calls from Fontenot that were made only minutes before Warren arrived at the residence.  The DEA agents detained him.

A search warrant was issued at 5:20 p.m., and at 5:45 p.m., the agents arrived at 148 Emerite Drive with the warrant.  They provided a copy to Mrs. Barragan.  Eventually, she complied with the warrant and the agents searched the premises.

The agents found drug paraphernalia in the residence.  At 6:07 p.m., a K-9 arrived and alerted on two safes in a bedroom closet.  When the safes were opened, suspected methamphetamine was found (which was later analyzed and confirmed to be methamphetamine) along with additional drug paraphernalia and a semiautomatic pistol.

Although Barragan seeks to suppress all evidence seized as a result of the search as well as all statements he made after being arrested, his motion to suppress does not contain a single factual allegation that would refute any of the facts recited here.

### Discussion and Analysis

**A.      Suppression Hearing**

Although not addressed in Barragan's motion, the threshold issue to be decided with regard to this motion is whether an evidentiary hearing should be held.  When a motion to suppress evidence has been filed, "[a]n evidentiary hearing need not be set as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief.  Factual allegations that are general and conclusory or based upon suspicion and conjecture will not suffice."[1]  A hearing is necessary only when the defendant has presented, in a motion or a supporting affidavit, factual allegations that are "'sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.'"[2]  General or conclusory assertions, founded upon mere suspicion or conjecture, do not suffice.[3]  Thus, a

---

[1]      3A Charles Alan Wright, Nancy J. King, Susan R. Klein, & Sarah N. Welling, Federal Practice & Procedure Criminal § 675 (3d ed. 2010).  See, also, *U.S. v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983).

[2]      *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972), quoting *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir. 1967).

[3]      *United States v. Migely*, 596 F.2d 511, 513 (1st Cir. 1979).

defendant is not entitled to an evidentiary hearing on a motion to suppress unless the allegations in the defendant's motion present factual disputes material to the resolution of the issue.[4]

In this case, Barragan has offered not a single factual allegation that might create a material factual dispute. The only facts presented are those detailed by the government in its submissions in response to Barragan's motion. Consequently, Barragan is not entitled to a hearing on his motion to suppress, and it is recommended that no hearing be held.

**B.      Seizure Without a Warrant or Consent**

Barragan contends that property was illegally seized from the residence without a warrant and/or without valid consent to the search. (Rec. Doc. 30, ¶1). Given the fact there was a valid warrant executed by an independent judicial officer, and there is no evidence that anything was searched, much less seized, before the DEA agents arrived with the executed warrant, there is no factual basis for this contention. Therefore, this contention is meritless.

**C.      Search of an Area Beyond Barragan's Immediate Control**

Barragan contends that the law enforcement agents searched an area of the premises that was not within his immediate control. (Rec. Doc. 30, ¶3). It is an undisputed fact that Barragan was not present when his home was searched. Barragan has not offered any factual information concerning which areas of the house at 148 Emerite Drive he did or did not control. While the United States Supreme Court has held that, when a person is being arrested, it is permissible for the police to search, without a warrant, both the person being arrested and the area within his

---

[4]      *United States v. Berkowitz*, 927 F.2d 1376, 1385 (7th Cir. 1991).

immediate control, i.e., the area within which the arrestee might have a weapon or destructible evidence,[5] there is no evidence that Barragan was arrested during the search of his residence. Therefore, the "immediate control" issue is inapplicable and, for that reason, there is no merit to Barragan's contention that evidence not in his immediate control at the time of seizure should be suppressed.

### D.      The Sufficiency of the Search Warrant

Barragan contends that the premises was searched without the issuance of a lawful search warrant and/or without valid consent to the search.  (Rec. Doc. 30, ¶2).  He further contends that the search warrant is insufficient on its face because (a) it fails to describe the area of the building/structure to be searched with sufficient particularity; (b) it fails to describe the property seized with sufficient particularity; (c) it fails to describe the persons to be searched with particularity; and (d) it was not based on probable cause due to double hearsay in the affidavit. (Rec. Doc. 30, ¶4 and ¶5).  Again, Barragan offered absolutely no factual support for these contentions.

When a facial challenge to the sufficiency of a warrant affidavit is made, the warrant affidavit must be examined to determine whether the totality of the circumstances indicate that the affidavit was supported by probable cause.[6]  Furthermore, regardless of the existence of probable cause, evidence obtained by law enforcement officials acting in objectively reasonable

---

[5]      *Chimel v. California*, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

[6]      See, e.g., *Dickey v. Huddleston*, 14 F.3d 52, 55 (5th Cir. 1993); *Hale v. Fish*, 899 F.2d 390, 398-99 (5th Cir.1990).

good-faith reliance upon a search warrant is admissible.[7]  Therefore, it is not necessary to reach the probable cause issue if the evidence could have been admitted under the good-faith exception.[8]

The issuance of a search warrant by a magistrate, which is supported by more than a "bare bones" affidavit, is sufficient to establish good faith on the part of the law enforcement agents who execute the warrant.[9]  Good faith is absent if the warrant is based on an affidavit that is so lacking in indicia of probable cause that reliance upon it by the agents is entirely unreasonable.[10]  Thus, the affidavit prepared by Agent Marceaux must be reviewed to determine if the agents executing the search were reasonable in relying upon the warrant supported by it and, therefore, acting in good faith.

First of all, the undersigned finds the warrant affidavit is sufficiently supported by probable cause that the agents executing the search warrant were reasonable to rely upon it.  The affidavit details activities consistent with ongoing narcotics transactions at the Barragan residence by the defendant.  The defendant, who was on probation after having been convicted of narcotics offenses, recently tested positive for the precise narcotics that were the subject of an ongoing investigation of the two individuals whose telephone calls were intercepted.  The good faith exception clearly applies.

---

[7]     *United States v. Leon*, 104 S.Ct. 3405, 3420-21 (1984).

[8]     *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992); *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988).

[9]     *Satterwhite*, 980 F.2d at 321.

[10]     *Satterwhite*, 980 F.2d at 320, citing *Leon*, 104 S.Ct. at 3421.

With regard to the particularity of the warrant, the test to be applied is whether the descriptions set forth in the warrant and/or the affidavit would permit an executing officer to reasonably know what place is to be searched and what items are to be seized.[11]  Applying this test, the undersigned finds that the application, the affidavit, and the warrant attached to the government's response as Exhibit 1, clearly and adequately describe the place to be searched and the property to be seized.  (Rec. Doc. 32-1).  The agents executing the warrant would easily be able to tell, from the face of the warrant and/or the affidavit, what place should be searched and what items should be seized.  Therefore, the contention that the evidence should be suppressed on the basis it does not sufficiently describe what to be searched/seized is without merit.

Barragan also complains that the warrant does not adequately describe the persons to be searched.  (Rec. Doc. 30, ¶4(c)).  While he is correct that the warrant does not identify persons to be searched, there is no evidence that any person at the residence was searched.

Finally, Barragan complains that the warrant lacks probable cause because it is based upon double hearsay.  (Rec. Doc. 30, ¶4(d)).  As noted previously, the issue of probable cause is not reached unless the good faith exception to the exclusionary rule does not apply.[12]  If the good faith exception applies, probable cause is addressed only if the case involves a novel legal question.[13]  Whether a search warrant affidavit is invalidated by hearsay is not a novel legal

---

[11]     *United States v. Shugart*, 117 F.3d 838, 845 (5th Cir. 1997), citing *United States v. Beaumont*, 972 F.2d 553, 560 (5th Cir. 1992), *cert. denied*, 508 U.S. 926, 113 S.Ct. 2384, 124 L.Ed.2d 288 (1993).

[12]     *Satterwhite*, 980 F.2d at 320.

[13]     *Id*.

question.[14]  Thus, assuming that the search warrant and/or the affidavit on which it was based

contains information in the nature of double hearsay, without deciding that issue, the undersigned

finds that the alleged existence of the double hearsay does not require the suppression of any

evidence seized in this case.


**E.**     <u>**Plain View**</u>

Barragan argues that evidence should be suppressed because property seized by the

officers executing the search warrant was not in the officers' plain view.  (Rec. Doc. 30, ¶6).  A

warrantless seizure is permitted when law enforcement officers lawfully enter the area where an

item is located; the item is in plain view; the incriminating nature of the item is immediately

apparent; and the officers have lawful access to the item.[15]  This analysis has no applicability

when a search is undertaken pursuant to a warrant, and, in this case, there is no evidence that any

item was seized from Barragan's residence without a warrant.  Consequently, whether the items

seized were or were not in the plain view of the officers executing the warrant is immaterial.

This contention lacks merit.


**F.**     <u>**Receipt for Items Seized**</u>

Barragan contends that evidence should be suppressed because the officers executing the

search warrant did not provide a receipt for the items seized.  (Rec. Doc. 30, ¶7).  Barragan does

---

[14]     *Id.*

[15]     *United States v. Jackson*, 596 F.3d 236, 242 (5th Cir. 2010), citing *United States v. Buchanan*, 70 F.3d 818, 825-26 (5th Cir. 1995).

not identify any items that were seized for which no receipt was provided.  Furthermore, a detailed receipt was prepared by Detective Marceaux and, according to the receipt attached to the government's response as Exhibit 1, a copy thereof was left with Jane Barragan.  (Rec. Doc. 32-1).  These facts are undisputed.  Therefore, the undersigned finds that this contention lacks merit.


**G.**     **<u>Barragan's Statements</u>**

In addition to seeking the suppression of all evidence gathered pursuant to the search warrant, Barragan also seeks to suppress any and all statements he gave following his arrest. (Rec. Doc. 30, pp. 1, 2).  Barragan offers no facts in support of his requests that his statements be suppressed.  He does not identify when the statements were made, to whom they were made, or the content of the statements.  He offers no explanation for why the statements should be suppressed and no legal authority supporting his position.  In light of the paucity of evidence, argument, and authority provided by Barragan, it is recommended that his motion to suppress his statements be denied.


*Conclusion*

For the reasons set forth above,

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that the motion to suppress (Rec. Doc. 30) be **DENIED** without a hearing.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Signed in Lafayette, Louisiana, this 23rd day of April, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)